**Anait Noubara VATCHARIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 03–70391.
Agency No. A70–934–291.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.\*\*

Decided Jan. 20, 2004.

Anait Noubaravatcharian, pro se, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Margaret Perry, Esq., Jennifer L. Lightbody, Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

Anait Noubaravatcharian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1105a(a), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"),

---

\* John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996). Because the BIA affirmed the decision of the IJ without discussion, we review the IJ's decision. *See* 8 C.F.R. § 1003.1(a)(7)(iii); *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We review adverse credibility determinations under the "substantial evidence" standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). We deny the petition for review.

The IJ's reasoning was cogent—the IJ pointed to a number of specific flaws in Noubaravatcharian's testimony: (1) Noubaravatcharian testified that she became an anti-war supporter in 1992, which contradicted the pro-war stance she took in her asylum application; (2) Noubaravatcharian was inconsistent about her level of activity with the Heheshe party; and (3) Noubaravatcharian was inconsistent as to when she first began to support the Heheshe party. Each of these inconsistencies goes to the heart of Noubaravatcharian's claims for asylum and withholding of removal because they concern her fears of future prosecution in Armenia based on her anti-war stance, as well as her claims of past persecution for involvement with the Heheshe. Additionally, the IJ believed that Noubaravatcharian's demeanor was evasive and non-responsive. Special deference is given to a credibility determination based on an applicant's demeanor. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). The IJ's adverse credibility finding is thus supported by substantial evidence and we deny Noubaravatcharian's petition for review.

PETITION FOR REVIEW DENIED.